S. E. WRIGHT AND H. L. SCOTT v. L. DUDGEON, Appellant.

**Election of remedies:** EXCHANGE OF PROPERTY: RESCISSION: RECOVERY OF POSSESSION. Where one brings an action to rescind a trade on the ground of fraud and recovers judgment for the value of the property given by him in the exchange, he cannot thereafter claim ownership of the property received by him as against an action for its possession by the other party; nor has he a right to

retain the possession of property except by proper legal proceedings to subject the same to the satisfaction of his judgment.

*Appeal from Wapello District Court.*— Hon. M. A. Roberts, Judge.

THURSDAY, JUNE 4, 1908.

THIS action was first instituted before a justice of the peace to recover the possession of a roan mare called " Dove," of which the plaintiffs claimed to be the owners, and which they alleged to be wrongfully detained from them by defendant. In the justice's court there was a verdict for the defendant and a finding of the jury that the value of the mare was $20. The defendant appealed to the district court, where the case was tried without a jury, and the court rendered judgment in favor of the plaintiffs awarding to them the possession of the mare. On a certificate granted by the trial judge the defendant appeals.— *Affirmed.*

*Smith & Lewis,* for appellant.

*Steck, Daugherty & Steck,* and *Jacques & Jacques,* for appellees.

McCLAIN, J.— The defendant obtained possession of the animal to which this action relates in a trade between him and the plaintiffs, in which the defendant delivered to plaintiffs a sorrel horse and received in exchange this roan mare. Subsequently this defendant brought an action against the plaintiffs, in which he alleged that by false and fraudulent representations as to the age, value, and qualities of the roan mare he was induced to exchange his sorrel horse for her, and that the defendants had sold the horse and put it beyond their power to restore him; wherefore he tendered back the mare and demanded the sorrel horse,

which demand was refused. And he alleged that he stood ready to return said roan mare, and claimed as damages the value of the sorrel horse in the sum of $90, loss of the use of said horse in the sum of $15, and costs for keeping the roan mare in the sum of $12. The defendants in that action denied false representations, and on the trial of the issue thus raised the court instructed the jury that, if the plaintiff in that action established the fraudulent representations relied upon and showed that he offered to return the mare to defendants within a reasonable time, then they should find for the plaintiff, and allow him as damages such sum as the evidence showed the sorrel horse to have been reasonably worth in the market at the time of the trade, not exceeding his value as stated in the petition, and also the cost of keeping the mare after she was tendered back. The jury found a verdict for plaintiff, and judgment was rendered thereon in his favor, a portion of which judgment was subsequently paid to the plaintiff in said action by one of the defendants therein.

It is conceded that prior to the commencement of the present action plaintiffs made a demand upon the present defendant for the possession of the roan mare. It is apparent that the judgment which this defendant recovered in his former action against these plaintiffs was predicated upon a rescission of the sale for fraud. Plaintiff in that action did not seek to recover the difference in value between the animal which he had received in the trade and the one which he had given to plaintiffs, but he asked judgment for the entire value of the animal which he had given in exchange, and which the defendants in that action had sold, placing it beyond their power to restore him. And said plaintiff also asked as an item of recovery the expense of keeping the mare from the time of such tender until the time of the trial. Plaintiff recovered therefor on the theory that the sale was rescinded, and that he was holding the mare as the property of the defendants in that

action.   Having elected to rely on that theory of his right
to recover in the former action, and having recovered judg-
ment on such theory, appellant cannot now insist that he is
the owner of the mare.   It must be presumed that the ver-
dict of the jury in the former action in favor of the plain-
tiff therein was for the entire value of the horse which he
had given defendants in that action in exchange for the
mare, and it was not open to him after the recovery of such
judgment to show by affidavits of jurors that they determined
the amount of their verdict by finding the difference be-
tween the value of the horse which the defendants in that
action had received and sold and the value of the mare
which this appellant as plaintiff in that action still retained.
If the jurors returned a verdict on that basis, they violated
the instructions of the court, and we know of no authority
for collaterally impeaching a judgment by affidavits of
jurors subsequently secured that they took into considera-
tion other facts than those upon which by the instructions
of the court they were bound to determine the amount of
such verdict.

The contentions for appellant seem to be, first, that
even after this appellant had recovered a money judgment on
the former trial the defendants in that judgment were en-
titled to the possession of the mare which remained in ap-
pellant's possession only upon tendering a return of the
sorrel horse; and, second, that said defendants were en-
titled to the possession of the mare only on a full satisfac-
tion of the judgment against them.   It is sufficient to say as
to the first of these contentions that the money judgment
was a full satisfaction of the breach of duty on the part of
the defendants in that judgment in not returning the sor-
rel horse when demanded; and the complete answer to the
second contention is that, after the rendition of the money
judgment in appellant's favor in the former action, he held
the mare as the property of these plaintiffs with no judg-
ment lien thereon, but subject to be applied by proper legal

proceedings to the satisfaction of his judgment against these plaintiffs. Appellant has taken no steps to secure the application of this property of the plaintiffs which he holds to the satisfaction of his judgment, but has asserted the right to retain possession as owner. This it is plain he cannot do.

The judgment of the trial court is *affirmed*.